## JOHN S. SLEEPER *vs.* ABRAM PAIGE.

If a debtor is absent from and resides out of the Commonwealth, retaining no dwelling-house or boarding-place here, though intending to return at some future indefinite time, he has no domicil here, and the time of his absence is to be deducted from the period of limitation of actions against him, under the Rev. Sts. c. 120, § 9.

ACTION OF CONTRACT, brought on the 16th of February 1858, upon an account annexed, the last item in which was dated April 28th 1851. Answer, the statute of limitations. Replication, that after the cause of action accrued the defendant was absent from and resided out of the Commonwealth.

At the trial in the superior court of Suffolk at January term 1859, the plaintiff, upon evidence tending to prove the facts therein assumed, requested that the jury might be instructed thus: " If the defendant, on leaving the Commonwealth with his family, relinquished and abandoned his hotel or boarding-place, and retained no dwelling-house or boarding-place in this commonwealth, the time of such absence is to be deducted from the period of limitations, although the defendant may

have intended to return and take up his dwelling again in this commonwealth and continue to be a citizen thereof."

But *Nash*, J. declined to give such instruction; and instructed the jury that "if, after the cause of action accrued, the defendant was permanently absent from and permanently resided out of the Commonwealth, they should not take the time of such absence and residence as any part of the time limited for the commencement of the action; but if, after the cause of action accrued, the defendant was temporarily absent from and temporarily resident out of the Commonwealth, with the intention of returning, and not having lost here or gained elsewhere a domicil, then the time of such temporary absence should be reckoned as a part of the six years running time of the statute." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. F. Fuller*, for the plaintiff.

*E. F. Hodges*, for the defendant.

BY THE COURT. The Rev. Sts. *c.* 120, § 9, provide that "if, after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." The refusal of the presiding judge to give the instruction requested, and the instructions which he gave, did not allow the deduction of the time of the defendant's absence from the Commonwealth, unless he "was permanently absent from and permanently resided out of the Commonwealth," even if he retained no dwelling-house or boarding-place within the Commonwealth; whereas, if his residence out of the Commonwealth was but temporary, yet if the time of his proposed return was indefinite, he retained no domicil in the Commonwealth, and therefore, even upon the strictest construction of this statute, was absent from and resided out of the Commonwealth. *Holmes* v. *Greene*, 7 Gray, 299. *Collester* v. *Hailey*, 6 Gray, 517.

*Exceptions sustained.**

---

* See *Langdon* v. *Doud*, 6 Allen, 423; *Whitney* v. *Sherborn*, 12 Allen, 111.